## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| **CORRINE CARTER,** | * | |
| **Plaintiff,** | * | |
| **vs.** | * | **CASE NUMBER: CV-16-_____** |
| **A & E SUPPORTED LIVING, INC.** | * | |
| **Defendant** | * | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(a), and 1446, Defendant, A & E Supported Living, Inc., an Alabama Corporation, hereby removes *Carter, Corrine L. v. A & E Supported Living, Inc., CV-16-902223, Circuit Court of Mobile County, Alabama* (the "action") to this Federal Court.

The following is the "short and plain statement of the grounds for removal" contemplated by the 28 U.S.C. § 1446 (a);

**I.     The procedural requirements for removal are satisfied.**

    **A.     This removal is timely**.

1.     On or about October 22, 2016, Plaintiff, Corrine Carter, commenced this action against the Defendant in State court by filing a complaint in the Circuit Court of Mobile County, Alabama.  This complaint alleged one cause of action against Defendant for violation of Title VII of the Civil Rights Act of 1964.  Plaintiff petitioned the court for actual, compensatory and punitive damages (see attached Exhibit A).  Defendant was served with the Complaint on or about November 1, 2016.  Accordingly, this notice which is being filed and served on November 18, 2016, is timely under 28 U.S.C., §1446 (b), which allows removal within thirty days after service of the complaint or receipt "through service or otherwise … of a copy of an amended pleading, motion, order or other paper" indicating, for the first time, that the case is removable to

Federal court.

**B.      All other procedural requirements have been satisfied.**

3.      As required by 28 U.S.C. §1446(b), true and correct copies of the process, pleadings and orders served on Defendant in the action are attached hereto.

4.      As required, Defendant has properly served this notice of removal on Plaintiff, and will file notice of this Notice of Removal in the Circuit Court of Mobile County, Alabama, on a timely basis.  A copy of Defendant's Notice of Filing Notice of Removal, without exhibits is attached hereto as Exhibit B.

**II.     The Cause of Action Alleged in Plaintiff's Complaint Is One of Which The District Courts of the United States Have Original Jurisdiction.**

5.      Plaintiff's complaint presents a question of Federal law as it seeks damages for an alleged "Title VII" violation arising out an employer/employee relationship. This is a claim that could have initially been brought in Federal Court and over which this Court could have initially exercised jurisdiction and is a proper case for removal pursuant to 28 U.S.C. Section 1441(a).

**III.    All other prerequisites for removal have been satisfied.**

6.      Venue for removal is proper in this District under 28 U.S.C. § 1441 (a) because this district and division embraces the Circuit Court of Mobile County, Alabama, the forum from which the removed action was pending.

WHEREFORE, Defendant desires to remove this case to the United States District Court for The Southern District of Alabama, being the District and Division of said Court for the County in which said action is pending and pray that the filing of this Notice of Removal with this court and the filing of the Notice of Filing of Notice of Removal with the clerk of the Circuit Court of Mobile County, Alabama shall effect the removal of said suit to this court.  By

removing this action, Defendant does not waive any defenses or rights previously asserted herein including rights to arbitration.

Respectively submitted this 18th day of November, 2016.

JOHN T. BENDER (BENDJ9064)
Attorney for Defendant

OF COUNSEL:

McFADDEN, LYON & ROUSE, L.L.C.
718 Downtowner Blvd.
Mobile, Alabama 36609
(251) 342-9172

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading on the following:

Patrick Lyle Doman
285 S. Foster St.
Dothan, Al  36301

by utilizing the Court's ECF document filing system and mailing same through the United States Mail, properly addressed and first-class postage prepaid, on this the 18th day of November, 2016.

/S/John T. Bender
JOHN T. BENDER

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>02-CV-2016-902223.00 |
|---|---|---|

COPY

## IN THE CIRCUIT COURT OF MOBILE COUNTY
## CORRINE L. CARTER V. A & E SUPPORTED LIVING, INC.

NOTICE TO A & E SUPPORTED LIVING, INC., 600 BEL AIR BOULEVARD SUITE 240, MOBILE, AL 36606

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY PATRICK LYLE DOMAN

WHOSE ADDRESS IS 285 S. Foster St., DOTHAN, AL 36301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   CORRINE L. CARTER
pursuant to the Alabama Rules of the Civil Procedure

Date   10/22/2016 4:27:32 PM      /s/ JOJO SCHWARZAUER

Clerk/Register      Jojo Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
205 GOVERNMENT STREET   Mobile Government Plaza  Room C936
MOBILE, AL 36644      205 Government Street
Mobile, Alabama 36644-2936

☑ Certified Mail is hereby requested      /s/ PATRICK LYLE DOMAN
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____   in   _____   County, Alabama on   _____
(Date)

_____      _____      _____
Date      Server's Signature      Address of Server

_____      _____      _____
Type of Server      Server's Printed Name

_____
Phone Number of Server

ELECTRONICALLY FILED
02-CV-2016-902223.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

| State of Alabama <br> Unified Judicial System <br><br> Form ARCiv-93   Rev.5/99 | **COVER SHEET** <br> **CIRCUIT COURT - CIVIL CASE** <br> (Not For Domestic Relations Cases) | Ca: <br> 02 <br><br> Date of Filing: <br> 10/22/2016 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### CORRINE L. CARTER v. A & E SUPPORTED LIVING, INC.

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☑ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:** F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER

R ☐ REMANDED      T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| DOM006 | 10/22/2016 4:27:10 PM <br> Date | /s/ PATRICK LYLE DOMAN <br> Signature of Attorney/Party filing this form |
|---|---|---|

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

ELECTRONICALLY FILED
9/22/2016 4:27 PM
02-CV-2016-902223.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

# IN THE CIRCUIT COURT
## OF MOBILE COUNTY ALABAMA

|                           |     |                         |
|---------------------------|-----|-------------------------|
| **CARTER, CORRINE L.**    | )   |                         |
| **Plaintiff,**            | )   |                         |
|                           | )   | **Case No.:**           |
| **V.**                    | )   |                         |
|                           | )   | **JURY TRIAL DEMANDED** |
| **A & E SUPPORTED LIVING INC.** | ) |                    |
| **Defendant.**            | )   |                         |

### Original Complaint

Comes Now, Corrine L. Carter, (hereinafter referred to, where appropriate, as Plaintiff), through her counsel, Patrick Lyle Doman, to make and file this complaint against A & E Supported Living, Inc., (hereinafter referred to, where appropriate, as Defendant), as follows:

### Introduction

1)      This action is brought to remedy discrimination on the basis of sex, protected by Title VII; specifically pregnancy.

### Jurisdiction and Venue

2)      This Court has original jurisdiction because the amount in controversy exceeds that which is necessary (it is in excess of $10,000.00).

3)      Venue is proper in this Circuit Court because Defendant conducts business in Mobile County, Alabama.

4)      The acts and omissions complained of herein were committed and had a principal effect, as described more fully below, within Mobile County, Alabama; therefore, venue is proper within this Court's jurisdiction.

5)      Furthermore, plaintiff's loss of employment occurred in Moble County, Alabama.

### Parties

6)      Plaintiff, Corrine L. Carter, is a citizen and resident of Eight Mile, Alabama.

7)      Defendant, A & E Supported Living, conducts business in Mobile County, Alabama.

8)      Plaintiff was, at all relevant times, an employee under Title VII.

9)      Defendant was, at all relevant times an employer under Title VII.

### Administrative Proceedings

10)     Plaintiff has timely and fully complied with prerequisites for administrative exhaustion required for jurisdiction in this court under Title VII, and thus all conditions precedent to this lawsuit have been performed or have otherwise occurred. (See Supporting Documents: Charge of Discrimination and Right to Sue Letter)

11)   In particular, Plaintiff filed an initial charge of discrimination with the Equal

Employment Opportunity Commission on July 17, 2015 (and, such charge was marked

received July 20, 2015). Plaintiff received her right to sue notice from the Equal

Employment Opportunity Commission on September 23, 2016 (and the notice itself is

dated: September 21, 2016). This lawsuit is timely filed within 90 days of that notice.

12)   On, or about, July 14, 2016, after conducting an investigation about the Plaintiff's

charge of discrimination, the Equal Employment Opportunity Commission determined

that there was reasonable cause to believe that the Defendant violated Title VII. (See

Supporting Documents: Letter of Determination)


General Allegations


13)   Plaintiff, worked for the Defendant since May 5, 2015.

14)   Plaintiff is a woman.

15)   Defendant has 15-100 employees.

16)   On, or about, June 5, 2015 the Defendant, through Pamela Baptist (an employee

and agent), inquired as to whether the Plaintiff was pregnant.

17)   Plaintiff confirmed that she was, indeed, pregnant.

18)   Defendant believed that Plaintiff's pregnancy was "high risk", and asked her to

provide a doctors note stating that Plaintiff could perform her duties (as a Direct Care

Worker).

19)     On, or about June 12, 2015 Plaintiff provided the Defendant with a doctors note stating that she could perform her duties.

20)     Defendant refused to accept the Plaintiff's doctors note.

21)     From June, 5 2015 forward the Defendant would not schedule the Plaintiff for work.

22)     Thereafter, the Defendant terminated the Plaintiff's employment.

Cause of Action

Title VII

23)     Defendant knew that the Plaintiff was of the female gender.

24)     Defendant inquired as to whether the Plaintiff was pregnant.

25)     Defendant, gained knowledge that Plaintiff was, in fact, pregnant.

26)     Pregnancy is a condition related to sex.

27)     Defendant, for this reason (pregnancy) refused to schedule the Plaintiff for work.

28)     Defendant terminated the Plaintiff's employment because she was pregnant.

Injury and Damage

29)     Plaintiff has suffered injury, incurred damages and significant financial loss as a result of Defendant's conduct complained of herein.

30)     The Actions of the Defendant are/were wanton, willful, and with reckless disregard for the rights of the Plaintiff.

31)   Furthermore, specifically, Plaintiff has suffered loss of wages, benefits, and has further suffered physical and/or mental/emotional distress and inconvenience.

### Prayer for Relief

WHEREFORE, premises considered, Plaintiff, Corrine L. Carter, respectfully prays that Defendant be summoned to appear and answer herein; for orders as follows:

A)   A declaration that her rights under Title VII were violated;

B)   Any actual monetary losses sustained by the Plaintiff as a direct result of the violations;

C)   The interest on the amount described in items listed above, calculated at the prevailing rate;

D)   Restoration and make-whole relief for the loss of any employment benefits or other compensation denied or lost by the Plaintiff;

E)   Reinstatement with seniority and any promotional opportunities Plaintiff would have had but for the discriminatory conduct; or in the alternative future pay.

F)   An Order prohibiting the Defendant from any further prohibited discrimination against Plaintiff;

I)   Compensatory damages against the Defendant because of the past and future physical and mental pain and distress and inconvenience caused by its discriminatory actions;

J)   Punitive damages because the Defendant acted with malice and reckless indifference to the Plaintiff's rights;

K)      Attorney fees, litigation expenses and costs incurred in obtaining relief and

pursuing this action;

L)      Post judgment interest; and

M)      Any other relief the court deems just and proper.


## Plaintiff Demands a Trial by Jury


**Dated this the 22nd day of October 2016.**


/s/ Patrick Lyle Doman

**Patrick Lyle Doman (ASB-9530-Q41G)
Counsel for Plaintiff
Law Office of Patrick L. Doman
285 S. Foster St.
Dothan, AL 36301
Phone: (334) 403-7884**

ELECTRONICALLY FILED
10/22/2016 4:27 PM
02-CV-2016-902223.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

NOTICE OF RIGHT TO S
(CONCILIATION FAILURE

Corrine L. Carter              From:   Mobi
4515 Amhurst Drive                     63 S Royal Street
Eight Mile, AL 36613                   Suite 504
                                       Mobile, AL 36602

☐    On behalf of person(s) aggrieved whose identity is
     CONFIDENTIAL (29 CFR §1601.7(a))

| )C Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| i-2015-00866 | JOHN J. BYRD, Investigator | (251) 690-2409 |

## THE PERSON AGGRIEVED:

notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to bel
violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtai
ement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring s
nst the Respondent at this time based on this charge and will close its file in this case. This does not mean that the E
rtifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or inten
in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age
rimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send
may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. You
uit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will b
(The time limit for filing suit based on a claim under state law may be different.)

al Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the
ed EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 ye
re you file suit may not be collectible.**

J file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Erika LaCour_                                          9-21-16

Xsures(s)                    Erika LaCour,                   (Date Mailed)
                             Local Office Director

A & E SUPPORTED LIVING
c/o John T. Bender, Esq.
McFadden, Lyon & Rouse, LLC
718 Downtowner Boulevard
Mobile, AL 36609

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 425-2015-00866 |

and EEOC

DOCUMENT 3

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| . Corrine L. Carter | (251) 377-8213 | 11-22-1986 |

Street Address                    City, State and ZIP Code

15 Amhurst Drive, Eight Mile, AL 36613

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| & E SUPPORTED LIVING | 15 - 100 | (251) 478-7367 |

Street Address                    City, State and ZIP Code

0 Bel Air Boulevard, Suite 240, Mobile, AL 36606

RECEIVED

JUL 20 2015

EEOC MOBILE LOCAL OFFICE

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

Street Address                    City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 06-05-2015 | 06-05-2015 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

was hired by the Respondent on May 5, 2015 as a Direct Care Worker. I was removed from the schedule on June 5, 2015. I believe I was removed from the schedule because of my sex and a condition related to my sex, pregnancy.

uring the first week of June 2015, Pamela Baptist (Nurse) asked me if I was pregnant. I told Ms. Baptist that I was pregnant. The next day I received a call from Latonya Stevenson (Administrative ssistant), she informed me that I was removed from the schedule because I was pregnant. I then et with Andretta Andrews (Supervisor) and Melissa Ezell (Supervisor). Ms. Ezell stated that she eeded a note from my doctor in order to return me back to work. I provided the note, however, I was ot returned to the schedule.

was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

-17-15

Date                    Charging Party Signature

ELECTRONICALLY FILED
8/22/2016 4:27 PM
02-CV-2016-902223.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Mobile Local Office

(251) 690-2093
TTY (251) 690-2079
FAX (251) 690-2571

EEOC Charge Number:                                    425-2015-00866

Corrine Carter                                         Charging Party
4515 Amhurst Drive
Eight Mile, AL 36613

A & E Supported Living                                 Respondent
c/o Melissa Ezell, Owner
600 Bel Air Boulevard
Suite 240
Mobile, AL 36606

## LETTER OF DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to
the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as
amended.

The Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964,
as amended, 42 U.S.C. §2000e, et. seq. Timeliness and all other requirements for coverage have
been met.

The Charging Party alleged that the Respondent engaged in unlawful employment practices by
terminating her from the position of Direct Care Worker due to a condition related to her sex,
pregnancy. The Charging Party asserts that once the Respondent became aware of her
pregnancy that she was removed from the schedule and asked to provide a doctor's note
confirming that she could perform her duties. The Charging Party provided a doctor's note on
June 12, 2015. The Charging Party contends the Respondent would not accept this note and
refused to schedule the Charging Party for employment.

The Respondent denies the Charging Party's allegation and asserts that her employment was not
terminated. The Respondent reports that due to the Charging Party's "high-risk" pregnancy, they
were concerned she would not be able to perform her duties or possibly become hurt or injured
by one of the patients. Subsequently, the Respondent asked the Charging Party for a note from
her doctor that explained her specific duties and confirmation that she could perform them. The
Respondent contends that the Charging Party was not allowed to continue working, as they did
not receive a doctor's not showing she could work with aggressive clients. In addition, the
Respondent notes the Charging Party did not complete required training.

LETTER OF DETERMINATION
EEOC CHARGE NO.: 425-2015-00866
PAGE TWO

The evidence of record reveals that the Charging Party provided a doctor's note establishing that she could perform the duties associated with the position. The Respondent failed to return the Charging Party to the schedule. The Respondent imposed restrictions upon the Charging Party that were not imposed by her physician.

I have determined that the evidence obtained during the investigation establishes that there is reasonable cause to believe that a violation of Title VII of the Civil Rights Act of 1964, as amended, has occurred. Once the Respondent became aware of the Charging Party's pregnancy, she was removed from the schedule and not allowed to return to work. The Respondent terminated the Charging Party's employment because of her pregnancy.

This determination is final. When the Commission finds that violations have occurred, it attempts to eliminate unlawful practice by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter. Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with the Commission's Procedural Regulations (29 CFR Part 1601.26).

If the Respondent wishes to accept this invitation to participate in conciliation efforts, you may do so by reviewing the enclosed agreement as presented or provide a counter proposal to the Commission representative within 14 days of the date of this determination. You may fax your response to 251/690-2409 to the attention of John Byrd, Investigator.

The remedies for violations of the statutes we enforce are designed to make the identified victims whole and to provide corrective and preventive relief. These remedies may include, as appropriate, an agreement by the Respondent to not engage in unlawful employment practices, placement of identified victims in positions they would have held but for discriminatory actions, back pay, restoration of lost benefits, injunctive relief, compensatory and/or punitive damages, and notice to employees of the violation and the resolution of the claim.

Should the Respondent have further questions regarding the conciliation process or the conciliation terms it would like to propose, we encourage it to contact the assigned Commission Representative, John Byrd. Should there be no response from the Respondent within fourteen (14) days of the date of this determination, we may conclude that further conciliation efforts would be futile or nonproductive.

Respondent is reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

7.14.16
Date

Erika LaCour
Erika LaCour
Local Office Director

Enclosure: Conciliation Proposal

3.   SPECIAL DAMAGES

a.      All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial. Written objections thereto may be made not less than 14 days before trial specifying grounds of objections.

b.      Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice require so.

4.   AGENCY-TIME AND PLACE-DUTY

a.      Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5.   EXPERTS

a.      Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.      Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 day before trial.

c.      Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating groun the qualification of such expert will be admitted.

d.      Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summ of the qualifications of the expert.

6.   DISCOVERY

Discovery shall be completed 30 days prior to the trial date. On written motion for good cause shown, the court may allow discovery within this 30-day period.

7.   JURY INSTRUCTIONS

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Eac requested charge will be typed on letter size paper and identified by the party's last name and shall be numbered.

8.   JURY SELECTION

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

9.   DUTY TO SUPPLEMENT DISCOVERY

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be do not less than 30 days before trial.

10.   MOTIONS GENERALLY

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleadin sought to be struck or dismissed is attached thereto.

11.    <u>CONFLICTS</u>

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the _____ day of _____, 2016,

Charles A. Graddick, Presiding Circuit Judge

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _[signature]_

☐ Agent
☐ Addressee

B. Received by (Printed Name)

_[handwritten]_

C. Date of Delivery

11/01/16

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

**SECTION: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

A & E SUPPORTED LIVING, INC.
600 BEL AIR BOULEVARD
SUITE 240
MOBILE, AL 36606

9590 9402 1754 6074 5980 91

2. Article Number (Transfer from service label)

7016 0600 0000 2622 6693

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

First-Class M
Postage
USPS
Permit N

USPS TRACKING #

United States
Postal Service



Sender: Please print your name, address, and ZIP+4® in this box®

JoJo Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza Room C936
205 Government Street
Mobile, Alabama 36644-2936

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

CORRINE CARTER,                        *

     Plaintiff,                        *

vs.                                    *        CASE NUMBER: CV-16-902223

A & E SUPPORTED LIVING, INC.           *

     Defendant

## NOTICE OF FILING NOTICE OF REMOVAL

     COMES NOW, Defendant, A & E Supported Living, Inc., and hereby gives notice that on the 18th day of November, 2016, this case was removed from the Circuit Court of Mobile County, Alabama to the United States District Court for the Southern District of Alabama.   A copy of the Notice of Removal (without exhibits) is attached hereto.

     Respectively submitted this 18th day of November, 2016.

                           */S/John T. Bender*
                           JOHN T. BENDER (BEN025)
                           Attorney for Defendant

OF COUNSEL:
McFADDEN, LYON & ROUSE, L.L.C.
718 Downtowner Blvd.
Mobile, Alabama 36609
(251) 342-9172

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading on the following:

Patrick Lyle Doman
285 S. Foster St.
Dothan, Al  36301

by utilizing the Court's ECF document filing system and mailing same through the United States Mail, properly addressed and first-class postage prepaid, on this the 18th day of November, 2016.

/S/John T. Bender
JOHN T. BENDER