**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CORRINE CARTER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 16-00574-N** |
| | ) | |
| **A & E SUPPORTED LIVING, INC.,** | ) | |
| **Defendant.** | ) | |

**ORDER**

This action is before the Court on the motion *in limine* (Doc. 39) filed by Defendant A & E Supported Living, Inc., requesting that the Court exclude from trial admission of or reference to the EEOC letter of determination and attachments issued to Plaintiff Corrine Carter prior to the commencement of this lawsuit (*see* Doc. 1 at 12 – 16).  Carter has timely filed a response (Doc. 41) in opposition to the motion.

The Eleventh Circuit Court of Appeals has "explained, 'A finding of intentional racial discrimination ... is a finding of fact.  Rule 803(8)(C) explicitly makes such evaluative reports admissible, regardless whether they contain factual opinions or conclusions.' "  *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1288 (11th Cir. 2008) (quoting *Barfield v. Orange Cty.*, 911 F.2d 644, 651 n.8 (citations omitted)).  "Although trial courts admit EEOC determinations in bench trials, this liberal admissibility rule does not apply to jury trials." *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 791 (11th Cir. 1999) (citing *Walker v. Nationsbank of Fla. NA.*, 53 F. 3d 1548, 1554 (11th Cir. 1995) ("In this circuit, it is well established

that EEOC determinations are generally admissible in bench trials. We have not seen fit, however, to apply the same liberal admissibility rule to determination letters in jury trials." (citation and footnote omitted))). Although "[t]he probative value of an EEOC determination ordinarily outweighs any possible prejudice to the defendant in a bench trail," the Eleventh Circuit "recognized in *Barfield* that there may be some circumstances in which the probative value of an EEOC determination is trumped by the 'danger of creating unfair prejudice in the minds of a jury,' 911 F.2d at 650." *Goldsmith*, 513 F.3d at 1288.

"Because the decision whether to admit such reports involves so many variables," the decision is left to "the sound discretion of the district court. In deciding whether and what parts of EEOC determinations and reports should be admitted, the district court may be guided by such considerations as whether the report contains legal conclusions in addition to its factual content, whether the report raises questions of trustworthiness under Rule 803(8)(C), and whether it presents problems cognizable under Rule 403." *Barfield*, 911 F.2d at 650 (citations omitted).[1] *Accord Weatherly v. Ala. State Univ.,* No. 2:10CV192-WHA, 2012 WL 274754, at *1 (M.D. Ala. Jan. 31, 2012) ("The Eleventh Circuit has held that the

---

[1] Rule 803(8) has been amended such that it no longer contains a section C, but remains substantively unchanged from the version of that rule applied in *Barfield* and *Goldsmith*. Because EEOC determinations qualify as an exception to hearsay under Rule 803, and because A & E has presented no evidence or argument showing "that the source of information or other circumstances indicate a lack of trustworthiness" for the subject determination, A & E's assertion that the EEOC determination letter should be excluded as hearsay is meritless. As Carter correctly points out, the case A & E cites in support of this argument, *Macuba v. Deboer*, 193 F.3d 1316 (11th Cir. 1999), does not discuss EEOC determination letters, and appears to have been cited only for general hearsay principles.

admission of EEOC reports and determinations is left to the discretion of the trial court."). The decision whether to admit an EEOC determination at a jury trial must be made "on an individual basis, considering the evidence's probative value and the danger of unfair prejudice." *Lathem,* 172 F.3d at 791.

In *Goldsmith*, the Eleventh Circuit found no abuse of discretion in the district court's admission of an EEOC determination letter at trial where the trial judge explained what an EEOC determination was and instructed the jury to guard against the improper use of the evidence, holding that, "in the light of this instruction, we cannot conclude that the district court abused its discretion when it admitted the EEOC determination." *Goldsmith*, 513 F.3d at 1288–89. *See also Blanton v. Univ. of Fla. ex rel. Bd. of Trs. of Univ. of Fla.*, 273 F. App'x 797, 804-05 (11th Cir. 2008) (per curiam) (unpublished) (upholding admission of EEOC letter under similar circumstances). On the other hand, the Eleventh Circuit has affirmed the exclusion of an EEOC letter at trial under the following circumstances:

> The district court determined that the danger that the EEOC letter would confuse the jury substantially outweighed its probative value. *See* Fed. R. Evid. 403. According to the district court, the determination letter's admission would force the jury to resolve the conflict between the EEOC's Miami district office's finding that the bank had not discriminated against Walker in terminating her employment and the EEOC's Washington, D.C. office's finding that reasonable cause existed to believe that the bank discriminated against Walker. The district court was concerned that the determination letter's admission would shift the jury's focus from deciding the ultimate issue in the case—whether the bank discriminated against Walker—to resolving the conflicting findings of two administrative officials who reviewed the same facts.

This case presents one example of the vagaries of administrative determinations which the *Barfield* court identified: two government officials knowledgeable in the area of employment discrimination law reached different conclusions after independently reviewing the same facts. The district court was properly concerned that admitting the determination letter would shift the jury's focus away from the issue of whether the bank considered a prohibited factor in terminating Walker, and towards resolving questions concerning the procedural adequacy of the investigation the two administrative hearing officers conducted. We cannot conclude that the trial court abused its discretion when it decided that the danger of confusing the issues to the jury substantially outweighed the admittedly probative value of the EEOC determination.

*Walker*, 53 F.3d at 1554–55.

The jury in this case must determine whether A & E terminated Carter because of her pregnancy. A & E claims that "it may be difficult for a jury to not attach undue weight to the authoritative and 'governmental" conclusions of the EEOC inspector, thus creating unfair prejudice." (Doc. 39 at 2). While the undersigned agrees that a jury may be inclined to adopt the decision of the EEOC simply because it is from a governmental agency, the undersigned also recognizes that this concern can be applied generally to any EEOC determination that a party seeks to introduce at a jury trial. Given that Eleventh Circuit precedent regards EEOC determinations as "ordinarily admissible[,]" *Goldsmith*, 513 F.3d at 1288, this factor alone is far from controlling.

However, A & E also correctly argues that the EEOC determination "makes legal conclusions" and "presents incomplete factual information, while making a conclusion that Plaintiff was terminated due to her pregnancy." (Doc. 39 at 2). The EEOC letter contains a "for cause" finding that A & E terminated Carter because of

her pregnancy, thus inferring that A & E's actions violated Title VII. Further, the EEOC determination is conclusory in nature and contains no evidentiary basis for the determination. *See Barfield*, 911 F.2d at 650 (noting that one factor relevant to admissibility of EEOC determination "is whether the report contains legal conclusions in addition to its factual content"); *Anderson v. Triad Int'l Maint. Corp.*, No. 3:11-CV-3-J-32TEM, 2012 WL 2044968, at *1 (M.D. Fla. June 6, 2012) (discounting an EEOC letter of determination that stated "the evidence obtained during the investigation establishes that there is reasonable cause to believed that a violation of Title VII…has occurred"); *Lee v. Exec. Airlines, Inc.,* 31 F. Supp. 2d 1355, 1357-58 (S.D. Fla. 1998) (finding a letter of determination to be "highly conclusory and thus possesse[d] little probative value" where it stated, "I have determined that the evidence obtained during the investigation establishes that there is reasonable cause to believe that a violation of the statute occurred."); *Capasso v. Collier Cty.*, No. 212CV499FTM38DNF, 2014 WL 12607856, at *3 (M.D. Fla. Nov. 26, 2014) ("Given the conclusory nature of the EEOC documents, there is a serious risk of unfair prejudice to Defendant if the Court admitted them into evidence at trial. Since the EEOC documents originate from a government agency, the jury may assign inappropriate weight to the agency's conclusions. What is more, precluding the EEOC documents will not prejudice Plaintiff because she will have a full opportunity to present to the jury all the evidence submitted to the EEOC, so long as that evidence is otherwise admissible. In short, the Court finds

the EEOC documents have little probative value and are highly prejudicial." (citations omitted)).

Federal Rule of Evidence 403 instructs a trial court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The undersigned finds that the EEOC determination in this case has minimal probative value and will result in the needless presentation of cumulative evidence. The report does not contain a full account of the evidence the investigator relied upon in making the determination, but rather summarizes the allegations, resulting in a conclusory finding. Further, there is substantial risk the letter will mislead the jury and result in an unfair prejudice to A & E.

For the foregoing reasons, A & E's motion *in limine* (Doc. 39) to exclude any reference to and admission of the EEOC Determination Report at trial is **GRANTED**. The costs of admitting this evidence under Rule 403 is substantially outweighed by its minimal probative value.[2]

**DONE** and **ORDERED** this the 26th day of January 2018.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] "In so holding, this Court emphasizes that its ruling is based upon the facts and arguments peculiar to this case. There is no blanket rule for the admission or exclusion of EEOC reports in jury trials." *Salter v. Fla. Dep't of Revenue*, No. 3:12-CV-534 MW/CJK, 2013 WL 12098792, at *2 (N.D. Fla. Oct. 28, 2013).